IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN CHRISTOPHER BISBEE | ) | Criminal No. 3:20-07 |
|    a/k/a Country, a/k/a Mike | ) | |
| RONALD BEAN | ) | |
| KIERSTON BELL | ) | **[UNDER SEAL]** |
| JONATHAN BIERLY | ) | |
|    a/k/a Sizzle | ) | |
| ALEXIS BROLIN, JR. | ) | |
|    a/k/a Lex | ) | |
| TAMMIE BROLIN | ) | |
| TOBY LEE COKER | ) | |
| JOHN CYPHERT | ) | |
| TIMOTHY FERGUSON | ) | |
| NICOLE GAINES | ) | |
| AMBER GALLAHER | ) | |
| BRIAN GIDNEY | ) | |
| DAVIN GOWER | ) | |
| MARK HACKETT | ) | |
| SHANE HOOVER | ) | |
| DAVID KLANISH | ) | |
| ANDREW KNEPP | ) | |
| MICHAEL LAMB | ) | |
| CHAD LAWHEAD | ) | |
| BRITTANY LUZIER | ) | |
| LOGAN MACTAVISH | ) | |
| EVARIE MAGEE | ) | |
| KEEGAN MCCHESNEY | ) | |
| JOHN MCKINNEY | ) | |
| ROBERT MORGRET, JR. | ) | |
|    a/k/a Bob 2 | ) | |
| JARED NYMAN | ) | |
| ROBERT NYMAN | ) | |
|    a/k/a Bob 1 | ) | |
| TIMOTHY PERRY | ) | |
| JENNIFER QUICK | ) | |
| JOSHUA QUIGLEY | ) | |
| DENNIS JAMES RAUCH | ) | |
|    a/k/a DJ | ) | |
| JOANNA SHYLOCK | ) | |

DAVID RICHARD SMITH )
   a/k/a Smitty )
JEFFREY SWANSON )
JESSICA SZYMECKI )
CASSANDRA WALLACE )
MIRANDA WILLIAMS )
SHAWN WORKMAN )
   a/k/a Beans )

## REVISED INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United

States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon,

Assistant United States Attorney for said District, and submits this Indictment Memorandum to

the Court:

## I. THE INDICTMENT

A federal grand jury returned a ten-count Indictment against the above-named

defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) |
|---|---|---|---|
| 1 | Participating in a continuing criminal enterprise as a principal administrator that involves 1,000 grams or more of methamphetamine and 10 kilograms or more of a mixture and substance containing a detectable amount of methamphetamine<br>July 2019 to June 2020 | 21 U.S.C. § 848(b) | BISBEE<br>A. BROLIN, JR. |
| 2 | Conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance<br>July 2019 to June 2020 | 21 U.S.C. § 846 | ALL DEFENDANTS EXCEPT MAGEE |

2

| 3 | Conspiracy to commit money laundering<br>July 2019 to June 2020 | 18 U.S.C. § 1956(h) | BISBEE<br>BIERLY<br>A. BROLIN, JR.<br>MAGEE |
|---|---|---|---|
| 4, 6 | Possession of a firearm and ammunition by a convicted felon<br>July 2019 to April 4, 2020 (A. BROLIN, JR.)<br>March 14, 2020 (RAUCH) | 18 U.S.C.<br>§§ 922(g)(1) and 924(a)(2) | A. BROLIN, JR.<br>RAUCH |
| 5, 7 | Possession of a firearm in furtherance of a drug trafficking crime<br>July 2019 to April 4, 2020 (A. BROLIN, JR.)<br>March 14, 2020 (RAUCH) | 18 U.S.C.<br>§ 924(c)(1)(A)(i) | A. BROLIN, JR.<br>RAUCH |
| 8 | Distribution and possession with intent to distribute methamphetamine<br>February 20, 2020 | 21 U.S.C.<br>§§ 841(a)(1) and 841(b)(1)(C) | COKER |
| 9-10 | Distribution and/or Possession with intent to distribute 50 grams or more of methamphetamine<br>December 18, 2019 (HACKETT)<br>March 14, 2020 (RAUCH) | 21 U.S.C.<br>§§ 841(a)(1) and 841(b)(1)(B)(viii) | HACKETT<br>RAUCH |

## II.  ELEMENTS OF THE OFFENSES

### A.  As to Count 1:

In order for the crime of participating in a continuing criminal enterprise as a principal administrator that involves 1,000 grams or more of methamphetamine and 10 kilograms or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 848(b), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant's conduct must constitute a felony violation of federal narcotics law.

3

2.      That the conduct must take place as part of a continuing series of such violations.

3.      That the defendant must undertake the activity in concert with five or more persons.

4.      That the defendant must act as the organizer, supervisor, or manager of the criminal enterprise.

5.      That the defendant must obtain substantial income or resources from this enterprise.

6.      That the defendant was the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders.

7.      That the offense involved 1,000 grams or more of methamphetamine or 10 kilograms or more of a mixture and substance containing a detectable amount of methamphetamine.

**B.      As to Count 2:**

For the crime of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 to be established, the United States must prove the following elements beyond a reasonable doubt:

1.      That two or more people agreed to distribute or possess with intent to distribute a controlled substance;

2.      That the defendant was a party to or member of that agreement;

4

3. That the defendant joined the agreement knowing of its objective to distribute or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective; and

4. That the controlled substance was methamphetamine and/or a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and, with respect to the amount of drugs attributable to the defendant as a result of the defendant's own conduct and the conduct of conspirators that was reasonably foreseeable to the defendant, the amount of methamphetamine was 50 grams or more and/or the amount of the mixture and substance containing a detectable amount of methamphetamine was 500 grams or more.

**C.    As to Count 3:**

For the crime of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), to be established, the United States must prove the following elements beyond a reasonable doubt:   .

1. That two or more people agreed to launder money as charged in the Indictment; that is, they agreed to conduct a financial transaction affecting interstate commerce involving the proceeds of specified unlawful activity, with the intent to promote the carrying on of the specified unlawful activity and/or knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity, and knowing that the proceeds were from some form of unlawful activity;

5

2. That the defendant was a party to, or member of, the agreement; and

3. That the defendant joined the agreement knowing of its objective to launder money as charged in the Indictment and intending to join together with at least one other conspirator to achieve that objective.

**D.     As to Counts 4 and 6:**

In order for the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

2. That after this conviction, the defendant knowingly possessed the firearm(s) and/or ammunition described in the Indictment; and

3. That the defendant's possession was in or affecting interstate or foreign commerce.

**E.     As to Counts 5 and 7:**

For the crime of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), to be established, the United States must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant committed a drug trafficking crime as defined in 18 U.S.C. § 924(c)(2);

2. That the defendant knowingly possessed a firearm;

3. That the defendant's possession of the firearm was in furtherance of the drug trafficking crime.

**F.     As to Counts 8, 9, and 10:**

For the crimes of distribution and/or possession with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 841(b)(1)(C),to be established, the United States must prove the following elements beyond a reasonable doubt:

1.      That the defendant knowingly possessed a mixture or substance containing a controlled substance;

2.      That the defendant had an intent to distribute or distributed the mixture or substance; and

3.      That the mixture or substance contained a detectable amount of methamphetamine, a Schedule II controlled substance; and

4.      For Counts 9 and 10, that the amount of the mixture or substance containing a detectable amount of methamphetamine was 50 grams or more.

## III.   PENALTIES

**A.     As to Count 1: Participating in a continuing criminal enterprise as a principal administrator that involves 1,000 grams or more of methamphetamine or 10 kilograms or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. § 848(b)):**

1.      A term of imprisonment of not less than life.

2.      A fine not to exceed $2,000,000.

**B.     As to Count 2:   Conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. § 846):**

7

1.  A term of imprisonment of not less than 10 years to a maximum of life.

2.  A fine of up to $10,000,000.

3.  A term of supervised release of at least 5 years.

If the defendant had a prior conviction for a serious drug felony or a serious violent felony that was final:

1.  A term of imprisonment of not less than 15 years to a maximum of life.

2.  A fine of up to $20,000,000.

3.  A term of supervised release of at least 10 years.

If the defendant had two or more prior convictions for a serious drug felony or a serious violent felony that were final:

1.  A term of imprisonment of not less than 25 years to a maximum of life.

2.  A fine of up to $20,000,000.

3.  A term of supervised release of at least 10 years.

**C.** **As to Count 3: Conspiracy to commit money laundering (18 U.S.C. § 1956(h)):**

1.  A term of imprisonment of up to 20 years.

2.  A fine of up to $500,000 or twice the value of the property involved in the transaction, whichever is greater.

3.  A term of supervised release of up to 3 years.

**D.** **As to Counts 4 and 6: Possession of a firearm and ammunition by a convicted felon (18 U.S.C. §§ 922(g)(1) and 924(a)(2)):**

1.  A term of imprisonment of not more than 10 years. However, if it is determined the defendant has 3 previous convictions for a violent felony or a serious drug offense,

8

or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than 15 years to a maximum of life imprisonment.

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of 3 years (or 5 years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

**E. As to Counts 5 and 7: Possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)):**

1. For possession of a firearm in furtherance of a drug trafficking crime, a term of imprisonment of not less than 5 years and up to life, consecutive to any other term of imprisonment. For a second or subsequent violation of 18 U.S.C. § 924(c)(1)(A) that occurred after a prior conviction for a violation of that section became final, a term of imprisonment of not less than 25 years and up to life, consecutive to any other term of imprisonment.

2. A fine of up to $250,000.

3. A term of supervised release of up to 5 years.

**F. As to Count 8: Distribution and possession with intent to distribute methamphetamine, a Schedule II controlled substance (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1. A term of imprisonment of up to 20 years.

2. A fine of up to $1,000,000.

3. A term of supervised release of at least 3 years.

If the defendant had a prior conviction for a felony drug offense that was final:

1. A term of imprisonment of up to 30 years.

2. A fine of up to $2,000,000.

3.      A term of supervised release of at least 6 years.

**G.      As to Counts 9 and 10: Distribution and/or possession with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)):**

1.      A term of imprisonment of not less than 5 years to a maximum of 40 years.

2.      A fine of up to $5,000,000.

3.      A term of supervised release of at least 4 years.

If the defendant had a prior conviction for a serious drug felony or a serious violent felony that was final:

1.      A term of imprisonment of not less than 10 years to a maximum of life.

2.      A fine of up to $8,000,000.

3.      A term of supervised release of at least 8 years.

## IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count of conviction, pursuant to 18 U.S.C. § 3013.

## V.   RESTITUTION

Restitution is not an issue in this case at this time.

## VI.   FORFEITURE

The Indictment seeks forfeiture of property and proceeds of the charged crimes.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Maureen Sheehan-Balchon*
MAUREEN SHEEHAN-BALCHON, AUSA
PA ID No. 78059

10