# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:20-cr-00007 |
| | ) | Honorable Kim R. Gibson |
| v. | ) | |
| | ) | |
| CASSANDRA WALLACE | ) | |

**DEFENDANT'S POSITIONS WITH REPECT TO SENTENCING FACTORS**

AND NOW, comes the Defendant, Cassandra Wallace, by and through her attorney, Robert E. Mielnicki, and respectfully submits the following:

Defendant has received and reviewed the Presentence Investigation Report and discussed such with Counsel. Counsel has discussed such with the Government and United States Probation Officer Brittany Prescott. Defendant notes the following:

1. On page 4 of the PSIR, it sets forth that Defendant has no dependents. Defendant has two (2) children, but such are not technically dependent on her, at this time.

2. In paragraph fifty-two (52) of the PSIR, it sets forth that a conviction at Clearfield County No. 1191 – 2019 is a three (3) point offense. Defendant submits that such is a two (2) point offense. Counsel has discussed this with United States Probation Officer Brittany Prescott, who takes the position that Defendant's parole was revoked, and she was ordered to serve thirty-three (33) days which is then added to the maximum imposed originally. Defendant had her parole revoked, not probation. Under Pennsylvania law, the maximum jail time that a person can get for a parole violation is the unexpired balance of the original term.

Defendant does not see the need for an evidentiary hearing.

<u>s/ Robert E. Mielnicki, Esquire</u>  
Robert E. Mielnicki, Esquire  
Attorney for Defendant