IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 3:20-cr-7 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| JOHN CHRISTOPHER BISBEE, | ) | |
| RONALD BEAN, KIERSTON BELL, | ) | |
| JONATHAN BIERLY, a/k/a "SIZZLE", | ) | |
| ALEXIS BROLIN, JR., a/k/a "LEX, | ) | |
| TAMMIE BROLIN, TOBY LEE COKER, | ) | |
| JOHN CYPHERT, TIMOTHY | ) | |
| FERGUSON, NICOLE GAINES, | ) | |
| AMBER GALLAHER, BRIAN GIDNEY, | ) | |
| DAVIN GOWER, MARK HACKETT, | ) | |
| SHANE HOOVER, DAVID KLANISH, | ) | |
| ANDREW KNEPP, MICHAEL LAMB, | ) | |
| CHAD LAWHEAD, BRITTANY | ) | |
| LUZIER, LOGAN MACTAVISH, | ) | |
| EVARIE MAGEE, KEEGAN | ) | |
| MCCHESNEY, JOHN MCKINNEY, | ) | |
| ROBERT MORGRET, JR., a/k/a "BOB | ) | |
| 2," JARED NYMAN, ROBERT | ) | |
| NYMAN, a/k/a "BOB 1," TIMOTHY | ) | |
| PERRY, JENNIFER QUICK, JOSHUA | ) | |
| QUIGLEY, DENNIS JAMES RAUCH, | ) | |
| a/k/a "DJ," JOANNA SHYLOCK, | ) | |
| DAVID RICHARD SMITH, JEFFREY | ) | |
| SWANSON, JESSICA SZYMECKI, | ) | |
| CASSANDRA WALLACE, MIRANDA | ) | |
| WILLIAMS, SHAWN WORKMAN, | ) | |
| a/k/a "BEANS," MICHAEL ANTHONY | ) | |
| JOHNSON, WALTER SCOTT | ) | |
| MCMAHON, ZACHARY QUIGLEY, | ) | |
| and PETER SHAWBROUGHAM, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED PRETRIAL ORDER (JURY TRIAL)

**AND NOW**, this 21st day of February, 2023, upon consideration of Defendant's Motion to Continue Pretrial Conference, Trial, and to Extend Trial Related Deadlines (ECF No. 1925), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. It is further ordered as follows:

1. The trial in this matter is now scheduled to begin on **July 17, 2023**.

2. The Court will hold a pretrial conference on **June 7, 2023, at 1:00 p.m.**

3. The time from **February 21, 2023**, through **July 17, 2023**, is deemed excludable delay under the Speedy Trial Act. The Court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant to a speedy trial because the failure to grant such a continuance would unreasonably deny counsel the time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

4. Counsel shall comply with the trial procedures as stated in the pages that follow.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

A.  **PRETRIAL PROCEDURES**

1.  <u>**Jury Selection and Trial**</u>

    Jury selection will take place on the first day of trial, at 9:00 a.m., in Courtroom A, Penn Traffic Building, 319 Washington Street, Johnstown, PA 15901. Trial will continue on each successive weekday until completed.

2.  <u>**Exchange of Witness Lists and Exhibits**</u>

    *It is unnecessary to move for leave to file witness lists under seal.*

    a.  **At least fourteen (14) days before trial**, the Government shall file with the Court its list of trial witnesses *under seal,* listing separately the witnesses it will call and the witnesses it may call if needed (other than for impeachment). For each witness listed, the Government shall provide an offer of proof explaining the substance of the testimony of the witness. Each offer of proof shall be no more than one double-spaced page.

    b.  **At least seven (7) days before trial,** Defendant(s) shall file with the Court a list of trial witnesses *under seal, excluding Defendant(s),* listing separately the witnesses Defendant(s) will call and the witnesses Defendant(s) may call if needed (other than for impeachment). For each witness listed, Defendant(s) shall provide an offer of proof explaining the substance of the testimony of the witness. Each offer of proof shall be no more than one double-spaced page.

    c.  All exhibits must be exchanged and marked in advance of trial. Two copies are to be provided for the Court in binders properly labeled ("Government Exhibits" and "Defendant Exhibits") **at least three (3) days before trial**, unless otherwise ordered by the Court.

    Exhibits shall be marked numerically (G-1, G-2, G-3, etc., or D-1, D-2, D-3, etc.).  Objections will be resolved prior to trial.

  d. Voluminous data shall be presented by summary exhibits pursuant to Fed. R. Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel).  Where copies of documents are offered, the originals shall be available for examination, unless waived by stipulation.

3. **Evidentiary Issues**

  a. **Jencks Act**.  The Government is encouraged to provide Jencks Act materials to Defendant(s) **no later than four (4) days before trial.**

  b. *Brady/Giglio* **Materials**.  The Government shall provide defense counsel with copies of any *Brady/Giglio* materials not previously disclosed **at least fourteen (14) days before trial**.

  c. **F.R.E. 404(b)**.  **At least seven (7) days before trial**, the Government shall provide Defendant(s) with any evidence of uncharged conduct that the Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b).

4. **Motions**

The parties shall file all motions in limine, including motions under Fed. R. Evid. 104(a) and motions to limit or sever issues, together with supporting briefs, **at least fourteen (14) days before trial**.  Responses shall be filed **at least seven (7) days before trial**.  All briefs supporting or opposing such motions are limited to five (5) pages.

5.  **Proposed Jury Instructions and Verdict Slips**

    Counsel shall meet and agree on a joint set of proposed jury instructions. Counsel are required to submit proposed jury instructions **at least ten (10) days before trial**, along with a compact disc (CD)/flash drive containing the instructions in Microsoft Word format. In the alternative, counsel may submit these instructions via e-mail to Judge Gibson's law clerks. Any document submitted via e-mail must be filed on the CM/ECF System.

    By way of further instruction, each agreed upon instruction shall include the following notation at the bottom: "The parties agree to this proposed instruction." Each instruction to which the parties have not agreed shall indicate the name of the party proffering the instruction.

    Near the end of trial, a charging conference will be held, at which time a ruling will be made on each point for charge, and a copy of the Court's proposed charge will be given to counsel. Counsel are required to state objections to the proposed charge at the charging conference and to supply alternate language, together with case authority.

6.  **Proposed Voir Dire**

    Judge Gibson conducts voir dire in criminal cases. Unless otherwise ordered, counsel are permitted to file proposed supplemental voir dire questions **at least ten (10) days before trial**. The Court will include or incorporate proposed supplemental voir dire questions as appropriate. Counsel shall attempt to obtain consent of opposing counsel prior to submission of any such supplemental voir dire. Those supplemental voir dire questions to which counsel have agreed upon should state "consented to by counsel."

7.  **Joint Stipulations**

The parties shall file joint stipulations **at least ten (10) days before trial**. Stipulations shall be made regarding the following:

a. Facts;

b. Issues to be decided;

c. The authenticity and admissibility of exhibits;

d. Expert qualifications and reports;

e. Deposition testimony to be read into the record; and

f. A neutral summary of the indictment and a brief statement of the defense that will be read to the jury to introduce the trial and to be read to the venire before jury selection.

B.  **TRIAL PROCEDURE**

1.  **Hours**.  Court is in session, unless otherwise ordered, Monday through Friday, 9:00 a.m. to 5:00 p.m., with breaks where appropriate.  All counsel are expected to be in their seats and ready to begin at the appointed times.

2.  **Exhibits**.  Because counsel will have previously marked and exchanged all exhibits and provided two copies to the Court, it will not be necessary during the trial to show exhibits to opposing counsel prior to using them.

3.  **Approaching the Witness**.  It will not be necessary for counsel to request permission to approach a witness.

4.  **Opening Statements and Closing Arguments**.  Up to one hour is permitted to each side for opening statements and closing arguments, depending on the complexity of the case.  Not more than one-half hour is normally required for each side.  Counsel may use exhibits or charts in the opening statements provided that opposing counsel has seen them

        beforehand and either agreement was reached or the Court has ruled upon the matter.

5.     **<u>Side Bar Conferences</u>**. Counsel should be considerate of the jurors' time. Counsel will meet with Judge Gibson each day after the jury leaves and, if necessary, at 8:30 a.m. before the jury arrives, to raise points of evidence or other issues that would otherwise necessitate a side bar conference. Failure to raise the issue at that time will generally result in a disposition of the in-court objection in the presence of the jury. If necessary, counsel and the Court may amplify their objections and rulings on the record after the jury has been excused for a break, for lunch, or for the day.

        In addition, it is expected that counsel will anticipate evidentiary issues requiring lengthy argument and will take up such matters at appropriate times (and out of the presence of the jury). Judge Gibson will be available each day to address such issues.

6.     **<u>Daily Conference</u>**. All counsel shall meet with the Court to discuss the presentation of witnesses and evidence for the next trial day. This daily conference shall be scheduled after the completion of each trial day or in the morning before each trial day. Counsel are expected to have enough witnesses to fill the time allotted each day.

7.     **<u>Note Taking</u>**. The jury shall be permitted to take notes.

8.     **<u>Jury Questions</u>**. During deliberations, all written questions submitted by the jury are shown to counsel. Counsel and Judge Gibson will meet to discuss a reply. The jury is usually summoned to the Courtroom, and a verbal reply is given. Otherwise, a written reply is provided where appropriate.

9. **Jury Instructions**.  A copy of the final jury instructions is provided to the jury for use during its deliberations.

10. **Jury Access to Exhibits**.  Unless otherwise advised by counsel, all admitted exhibits will be sent out with the jury.